IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUANE MEESTER, | ) | 8:12CV86 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DEPT. OF JUSTICE, Kansas City | ) | |
| Div of BATF&E, and WILLIAM L. | ) | |
| BOWERS, Director of Industry | ) | |
| Operation, Kansas City Division of | ) | |
| the Bureau of Alcohol, Tobacco, | ) | |
| Firearms and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to File Under Seal (filing no. 18), Motion for Leave to Submit Cassette Tape of Administrative Hearing (filing no. 21), and Motion to Stay Discovery and for Briefing Schedule (filing no. 22). Plaintiff did not file a Response to any of these pending Motions. (*See* Docket Sheet.) As set forth below, all of the Motions are granted.

In their Motion to File Under Seal, Defendants request that the court seal the administrative record in this matter (filing no. 19) because it contains confidential information such as Plaintiff's home address, date of birth, and social security number. (Filing No. 18.) For good cause shown, and in accordance with the court's Local Rules, the Motion to Seal is granted in part. It is apparent from Defendants' Motion to File Under Seal that they seek restriction of public access to the administrative record. (Filing No. 18.) Thus, rather than *sealing* the entire administrative record, the court will *restrict access* to the entire administrative record

pursuant to NeCivR 5.0.3(c)(3).[1] Also, for good cause shown, the court grants Defendants' Motion for Leave to Submit Cassette Tape of Administrative Hearing. (Filing No. 21.)

In their Motion to Stay Discovery and for Briefing Schedule, Defendants note that they have filed the entire administrative record relating to Plaintiff's claims. (Filing No. 22.) As such, Defendants request that the court stay discovery and "issue a briefing schedule for either party to file a dispositive motion and supporting brief in approximately 60 days." (*Id.*) The court agrees that this matter may be resolved without further discovery, based on the administrative record. As set forth above, Plaintiff has not argued otherwise. (*See* Docket Sheet.) Thus, the Motion is granted and this matter is progressed as set forth below.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to File Under Seal (filing no. 18) is granted in part.

2. The Clerk of the court is directed to restrict public access to Filing No. 19 in its entirety.

3. Defendants' Motion for Leave to Submit Cassette Tape of Administrative Hearing (filing no. 21) is granted.

4. Defendants are directed to submit a cassette tape of the administrative

---

[1] According to the Clerk of the court, a sealed document or filing does not appear on the public docket sheet at all. However, a restricted document or filing appears on the public docket sheet as a docket entry, but the document or filing is not viewable to the public. In this matter, Defendants do not seek to conceal from the public the filing of the administrative record, but the content only. As such, restriction, rather than sealing, is the appropriate remedy.

hearing in this matter no later than **October 29, 2012**. The Clerk of the court will maintain the cassette tape in accordance with its normal procedures relating to physical evidence. Defendants shall also provide a copy of the cassette tape to Plaintiff by October 29, 2012.

5. Defendants' Motion to Stay Discovery and for Briefing Schedule (filing no. 22) is granted. This matter is progressed as follows.

6. All motions for summary judgment shall be filed on or before **December 17, 2012**. The parties must comply with the provisions of NECivR 7.0.1 and NECivR 56.1 when filing summary judgment motions. The parties may file a response to any motion for summary judgment, and a reply, in accordance with NECivR 7.0.1.

7. No discovery shall be undertaken without leave of the court.

8. The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: December 17, 2012: Deadline for parties to submit motions for summary judgment.

DATED this 18th day of October, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.